FILED

99 MAY 18 PM 4: 04

U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

RONALD McCURDY, et al.,        }
                               }
    Plaintiffs,                 }
                               }        CIVIL ACTION NO.
v.                             }
                               }        98-AR-1636-M
GOLD KIST, INC.,               }
                               }
    Defendant.                 }

ENTERED
MAY 18 1999

## MEMORANDUM OPINION

Although Rule 56, F.R.Civ.P., does not require the writing of an opinion every time a court grants a motion for summary judgment, this court more often than not has written an opinion if and when it grants a Rule 56 motion. Much less often this court writes an opinion to accompany a denial of a Rule 56 motion. In this case, the court sees no reason to write an opinion when this court agrees thoroughly with the reasoning employed by defendant, Gold Kist, Inc., and with the materials submitted by it in support of its contention that it is entitled to judgment as a matter of law on the undisputed facts. Jeff McCurdy, one of the two plaintiffs, has submitted an affidavit signed by him on May 7, 1999, in an effort to circumvent or challenge the undisputed facts demonstrated by plaintiffs' own depositions and the clear documentary evidence. This affidavit is not only self-serving but is boldly conclusory



and cannot be allowed to contradict or to substitute for the facts previously conceded, whether expressly or implicitly. A perfect illustration of the overreaching nature of the belated affidavit is affiant's assertion that "Bobby knew that I was going to take the chemicals to the flying service for application" and that "Bobby also knew that the flying service was going to apply the chemicals together." Is a plaintiff allowed to make an assertion as to what was in another person's mind? Furthermore, affiant's assertion that "I assumed the flying service would read the labels and was aware of any precautions for using the products" cannot exonerate or excuse the affiant. There was no reason for this defendant to assume that plaintiffs would make an erroneous assumption. Defendant had the right to make just the contrary assumption.

Agreeing with Gold Kist, Inc., the court will, by separate order, grant its motion for summary judgment.

DONE this __18__ day of May, 1999.

*/s/ William M. Acker*
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE